**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Rudnick

    v.                                              Civil No. 24-cv-085-JL-TSM

Paula Mattis, New Hampshire Department of
Corrections Director of Medical and Forensic
Services; and Probation/Parole Officer
Megan Sherman[1]

**O R D E R**

    Petitioner, Michael Rudnick, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), alleging that he is a civilly-committed individual presently being held at the Secure Psychiatric Unit ("SPU") at the New Hampshire Department of Corrections.  Seeking injunctive relief, Mr. Rudnick alleges that his Fourteenth Amendment due process rights have been violated because: (1) he was improperly transferred to the SPU from a skilled nursing facility without due process, at the direction of his parole officer; and (2) the conditions of his confinement are unconstitutionally punitive.  The petition is before this Court for preliminary review to determine whether it is facially valid and may proceed in this case.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

---

[1] Petitioner Michael Rudnick has identified the New Hampshire Department of Corrections ("DOC"), DOC Commissioner Helen Hanks, DOC Medical and Forensic Services Director Paula Mattis, and DOC Probation/Parole Officer Megan Sherman as respondents to this action.  The proper respondent in a 28 U.S.C. § 2241 action is "the state officer who has custody" of the petitioner.  Rule 2(a), Rules Governing § 2254 Petitions ("§ 2254 Rules"); see also § 2254 Rule 1(b) (district court may apply § 2254 rules to habeas petitions not brought under § 2254).  In this case, those custodians are Director Mattis and Parole Officer Sherman, and those individuals are the proper respondents here.  The Clerk's office is directed to correct the docket accordingly.

**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen habeas petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

Mr. Rudnick asserts here that he is civilly committed pursuant to a finding in a criminal case that he was not guilty by reason of insanity ("NGRI"). He alleges that he was recently moved from a skilled nursing facility ("SNF") to the SPU at the direction of his parole officer, Megan Sherman, which he claims was a decision made "in the absence of clinical indication of dangerousness to self or others." Doc. No. 1, at 6. Mr. Rudnick states that the SNF did not request that he be transferred out of that facility, and that he was not afforded due process prior to being moved to the SPU. He also states that in January 2022, Joan Hart, the NGRI Coordinator at the SPU testified in a Superior Court hearing that Mr. Rudnick was unsafe at the SPU.

Mr. Rudnick also asserts claims alleging that for the seven days prior to filing his petition here, he was held in the SPU infirmary twenty-four hours a day, naked and without toilet paper. He further states he was refused access to a writing utensil.[2] Mr. Rudnick states that when he arrived at the SPU, his property was taken for him and that it will cause his social security benefit

---

[2] It appears that Mr. Rudnick's petition was dictated to and filed by Wanda Duryea, who also signed the petition on his behalf.

to be stopped, as he does not receive the benefit when he is incarcerated.[3]  Mr. Rudnick seeks an injunction preventing his unconstitutional treatment at the SPU and directing that he be returned to the SNF where he was formerly committed.

### Appointment of Counsel

Mr. Rudnick asks the Court to appoint counsel to represent him in this matter.  The Court agrees that the petitioner's circumstances warrant the appointment of counsel and grants that request pursuant to its discretion under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA").  Accordingly, the Clerk's office is directed to find and appoint counsel to represent Mr. Rudnick in this matter for all purposes, consistent with this Court's CJA plan.

### Service Order and Status Conference

As the petition is not invalid on its face, the Court directs service upon the respondents.  The Clerk is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, with electronic copies of the petition (Doc. No. 1) and this Order.  Respondents are directed to file an appearance within seven days of service.  The respondents are, however, temporarily relieved of their obligation to file an answer, motion to dismiss, or other response to the petition.

---

[3] Mr. Rudnick's petition does not demonstrate that his state remedies have been exhausted. However, exhaustion of claims asserted in a § 2241 petition is prudential, rather than jurisdictional. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Accordingly, the court finds that this matter may proceed at this time, without prejudice to the respondent's ability to move to dismiss the petition, at a later date, on any proper basis, including, if appropriate, non-exhaustion.

The Court will hold a status conference in this matter to determine whether to hold a hearing on Mr. Rudnick's request for injunctive relief and to develop a litigation schedule for this case. Upon the appearance of all the parties in this case, counsel for the petitioner and the respondents are directed to confer as soon as is practicable, to determine the earliest date upon which they are both available for a status conference and which gives them sufficient time to prepare for that conference. The parties are directed to contact the Clerk's office, which shall set a status conference for the first available date on the court's calendar on which all parties are available, and in any event, no later than two weeks from the date of this Order. The Clerk's office shall issue a transport order to have Mr. Rudnick transported to the Court for the hearing unless the parties otherwise agree.

  **SO ORDERED.**

              _____

              Talesha L. Saint-Marc
              United States Magistrate Judge

April 3, 2024

cc:  Michael Rudnick, pro se